**IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE**
**CHAPTER 13 PLAN**

Check:    __X__    Original          _____ Amended Pre-Confirmation          _____ Modified Post-Confirmation

IN RE:    **Douglas Ernest Taylor**                                      CASE NUMBER: **3:15-bk-32630-SHB**
          **Martha Gail Taylor**
                    Debtor(s)

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of $__**$1,776.00**__ on a _____weekly; _____bi-weekly; _____semi-monthly; or __**X**__ monthly basis over a term of __**60**__ months by __**X**__ direct pay or _____wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing; provided, however, debtors shall make a full month of plan payments within 30 days from filing if the plan provides for the payment of filing fees, adequate protection payments, and/or secured creditor payments.

2. **TAX REFUNDS.** In addition to the plan payments in Paragraph 1, debtor(s)' tax refunds and/or earned income credits shall be paid into the plan as follows: _____ none; _____ all: or, __**X**__ in excess of $__**1,500**__. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, the debtor must supply an affidavit from the non-filing spouse necessary for tax refund distribution herein.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor with proof of full coverage insurance and maintain the same so long as the debtor(s) shall retain possession of said property.

4. **PRIORITY EXPENSES AND ADMINISTRATIVE EXPENSES.** Such expenses under 11 U.S.C. § 503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(b) paid in full in deferred cash payments.

    a)    Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of $__**3,000.00**__, less $__**0.00**__ previously paid by the debtor(s).

    b)    **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    c)    **Domestic support obligations claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. 11 U.S.C. §507 (a)(1)(B) domestic support obligations assigned to a governmental unit may be paid less than 100% in the event this is a five year plan providing for all disposable income; and, these specific assigned domestic obligations are identified as, and shall be paid by the Trustee as follows:
    **-NONE-**

5. **POST-PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be timely made. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1. Per Local Bankruptcy Rule 3001-1 (a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are subject to objection if they are not properly documented and/or

perfected regardless of confirmed plan treatment. Claims filed as secured but not given a secured plan treatment hereinafter shall be paid as unsecured.

7. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured:

   **-NONE-**

8. **SECURED CLAIMS PAID BY THIRD PARTY.** The Trustee shall make no payments on the following secured lien claims which shall be paid directly by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless provided otherwise.

   | **Creditor** | **Collateral** | **Designated Individual** |
   |---|---|---|
   | -NONE- | | |

9. **SURRENDERED REAL OR PERSONAL PROPERTY:** The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, the creditor shall file and be paid an amended unsecured deficiency claim which shall relate back to a *timely* filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

   | **Creditor** | **Collateral** |
   |---|---|
   | -NONE- | |

10. **LONG-TERM SECURED PERSONAL PROPERTY LIEN(S):** A long-term personal property lien (mobile homes or vehicles extending beyond plan term) exists in favor of ___. The secured creditor shall be paid a monthly maintenance installment per the claim, but said installment is estimated to be $___ per month; and, the estimated prepetition arrearage is $___ which shall be paid in full per the claim in monthly installments of $___ at ___% interest. This claim shall be paid ___by the Trustee; or, ___directly by the debtor(s). The lien shall survive the plan.

11. **SECURED PERSONAL PROPERTY CLAIMS:** The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term. Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law. Secured creditors eligible under 11 U.S.C. §1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee an adequate protection order.

    | **Creditor** | **Collateral** | **Amount** | **Payment** | **Interest rate** |
    |---|---|---|---|---|
    | -NONE- | | | | |

12. **MORTGAGE CLAIMS:** Mortgage lien holders shall file claims per applicable Federal Rules of Bankruptcy Procedure (FRBP), including but without limitation, Rules 3001 and/or 3002.1. Claims shall be administered and paid by the Trustee in accordance with said rules, absent objection. Mortgage creditors receiving maintenance installments hereunder shall be paid the monthly mortgage installment payment per the claim; and the pre-petition mortgage arrearage claim amount shall be paid in equal monthly installments over the life of the plan unless a greater amount is specified. Creditors filing mortgage claims secured by debtor(s) principal residence shall file: Mortgage Proof of Claim Attachment B10 (Attachment A); Notice of Mortgage Payment Changes on Form B10 (Supplement 1); and Notice of Post-Petition Mortgage Fees, Expenses, and Charges on Form B10 (Supplement 2). The Trustee shall pay any Notice of Payment Change filed per FRBP 3002.1(b) as of its effective date, absent or until resolution of any objection to the same. The Trustee shall pay any Notice of Post-Petition Mortgage Fees, Expenses and Charges filed per FRBP 3002.1(c), absent or until resolution of an objection or motion filed per FRBP 3002.1(e) to determine the validity of the fees, expenses and charges.

    **(A) PRINCIPAL RESIDENCE SECURED MORTGAGE(S) PER (11 U.S.C. §1322(b)(5)):** The debtor(s) own principal residential real property located at __**1336 Oak Hill Drive, Seymour, TN 37865**__, which is subject to a first mortgage lien in favor of __**Ocwen Loan Servicing L**__ whose estimated monthly mortgage payment is $__**990.00**__; and the estimated pre-petition mortgage arrearage is $__**12,397.55**__, which shall be paid in monthly installments of $__**225.00** at __**0**__% interest. This mortgage shall be paid __**X**__ by the Trustee; or, _____directly by the debtor(s). The foregoing lien shall survive the plan.
    The debtor(s) have a second mortgage lien in favor of ___ whose estimated monthly mortgage payment is $___, and the estimated pre-petition mortgage arrearage is $___ which shall be paid in monthly installments of $___ at ___% interest. This mortgage shall be paid ___ by the Trustee; or ___directly by the debtor(s). The foregoing lien shall survive the plan.

**(B) SECURED LONG-TERM MORTGAGE(S) OTHER THAN PRINCIPAL RESIDENCE:** The debtor(s) own real property located at___, which is subject to a first mortgage lien in favor of ___ whose estimated monthly mortgage payment is $___, and the estimated pre-petition mortgage arrearage is $___, which shall be paid in monthly installments of $___ at ___% interest. This mortgage shall be paid ___ by the Trustee; or ___directly by the debtor(s). The foregoing lien shall survive the plan.

The debtor(s) have a second mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____, which shall be paid in monthly installments of $_____ at _____% interest. This mortgage shall be paid _____by the Trustee; or _____directly by the debtor(s). The foregoing lien shall survive the plan.

**(C) STRIPPED MORTGAGE(S)/JUDGMENT LIEN(S).** The debtor(s) own real property located at ___ which is subject to a mortgage or judgment lien in favor of ___. This lien is not subject to any discharge exception, but is completely unsecured and, is therefore avoided, stripped down and paid as a non-priority, unsecured creditor as provided for under this plan; and, the lien shall be released by the creditor not later than 30 days after the completion of the plan and discharge of debtor(s).

**(D) MORTGAGE(S)/JUDGMENT LIEN(S) TO BE PAID IN FULL OVER PLAN TERM:** The debtor(s) own real property located at **Lot 105 Seymour Hills Estates**, which is subject to a mortgage and/or judgment lien in favor of **James and Dena Deweese**. The balance is estimated at $ **7,500.00**; however, the actual principal balance per the claim shall be paid in full over the plan term in monthly installments of $ **125.00** at **0** % interest. The lien shall be released by the creditor not later than 30 days after completion of the plan and discharge of the debtor(s).

13. **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: _____ 0%; **X** 1%-5%; _____ 6%-20%; _____ 21%-70%; _____ 71%-100%; or _____ 100%

14. **COSIGNED DEBT.** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for full protection of co-debtor(s):

    | Creditor | Approximate Balance | Monthly payment |
    |---|---|---|
    | -NONE- | | |

15. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured:

    **-NONE-**

16. **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

17. ***SPECIAL PROVISIONS.**

| | |
|---|---|
| 9/11/15 | /s/ Douglas Ernest Taylor   and   /s/ Martha Gail Taylor |
| Date | **Douglas Ernest Taylor** and **Martha Gail Taylor** |
| | Debtor(s) |
| /s/ Barry W. Eubanks | Debtor(s) Attorney; State Bar Code   **009165** |
| **Barry W. Eubanks** | |
| **209 Chilhowee School Rd., Ste. 16** | |
| **Seymour, TN 37865** | |
| **(865) 299-4023** | |
| (Attorney name, address and phone number) | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

In re:

DOUGLAS ERNEST TAYLOR                   Case No. 15-32630-SHB
MARTHA GAIL TAYLOR                      Chapter 13

　　　Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2015, I forwarded a true and exact copy of the Original Chapter 13 Plan by first class mail, USPS and/or ECF to the following and on the attached mailing matrix:

Ms. Gwendolyn Kerney    (ECF)
Chapter 13 Trustee
P.O. Box 228
Knoxville TN 37901

U.S. Trustee's Office    (ECF)
United States Courthouse
800 Market Street, Suite 114
Knoxville, TN 37902


　　　　　　　　　　　　　　　　EUBANKS LAW FIRM, PC


　　　　　　　　　　　　　　　　 /s/ Barry W Eubanks
　　　　　　　　　　　　　　　　Barry W. Eubanks, Bar No. 009165
　　　　　　　　　　　　　　　　209 Chilhowee School Road, Ste 16
　　　　　　　　　　　　　　　　Seymour, TN 37865
　　　　　　　　　　　　　　　　(865) 299-4023
　　　　　　　　　　　　　　　　Attorney for the Debtors

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0649-3<br>Case 3:15-bk-32630-SHB<br>Eastern District of Tennessee<br>Knoxville<br>Fri Sep 11 08:59:43 EDT 2015 | 3<br>United States Bankruptcy Court<br>Howard H. Baker Jr. U.S. Courthouse<br>Suite 330, 800 Market Street<br>Knoxville, TN 37902-2343 | Cach Llc/Square Two Financial<br>Attention: Bankruptcy<br>4340 South Monaco St.  2nd Floor<br>Denver, CO 80237-3485 |
| Catherine Gebhardt<br>3753 Thomas Cross Road<br>Sevierville, TN 37876-1243 | City of Sevierville<br>P.O. Box 5500<br>Sevierville, TN 37864-5500 | Comenity Bank/Goodys<br>Attention: Bankruptcy<br>Po Box 182686<br>Columbus, OH 43218-2686 |
| Credit Management Lp<br>4200 International Pkwy<br>Carrollton, TX 75007-1912 | Eos Cca<br>Po Box 981025<br>Boston, MA 02298-1025 | GarrisonTaylor<br>1336 Oak Hill Drive<br>Seymour, TN 37865-4256 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | James and Dena Deweese<br>302 Eldorado Circle<br>Seymour, TN 37865-4726 | Kohls/capone<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 |
| Ocwen Loan Servicing L<br>12650 Ingenuity Dr<br>Orlando, FL 32826-2703 | Revenue Recovery Corp<br>612 Gay St<br>Knoxville, TN 37902-1603 | Sevier County Bank<br>111 E Main St<br>Sevierville, TN 37862-3513 |
| Sevier County Chancery Court<br>P.O. Box 4426<br>Sevierville, TN 37864-4426 | Sevier County Trustee<br>125 Court Ave., Suite 212W<br>Sevierville, TN 37862-3596 | Steven E. Marshall<br>805 Middle Creek Rd.<br>Sevierville, TN 37862 |
| (p)STUDENT LOAN FINANCE CORPORATION<br>ATTN BANKRUPTCY<br>124 SOUTH FIRST STREET<br>ABERDEEN SD 57401-4107 | Student Loan Finance Corporation<br>124 S 1st St<br>Aberdeen, SD 57401-4107 | (p)U S DEPARTMENT OF EDUCATION<br>P O BOX 5609<br>GREENVILLE TX 75403-5609 |
| U.S. Dept. of Justice<br>Tax Division, CTS, Eastern Reg.<br>P.O. Box 227<br>Ben Franklin Station<br>Washington, D.C 20044-0227 | United States Trustee<br>800 Market Street, Suite 114<br>Howard H. Baker Jr. U.S. Courthouse<br>Knoxville, TN 37902-2303 | Us Dept Of Ed/glelsi<br>Po Box 7860<br>Madison, WI 53707-7860 |
| Wilson & Associates, PLLC<br>1521 Merrill Drive, Ste. D-220<br>Little Rock, AR 72211-1654 | Barry W. Eubanks<br>Eubanks Law Firm, PC<br>209 Chilhowee School Rd., Ste. 16<br>Seymour, TN 37865-4981 | Douglas Ernest Taylor<br>1336 Oak Hill Drive<br>Seymour, TN 37865-4256 |
| Gwendolyn M Kerney<br>Chapter 13 Trustee<br>P. O. Box 228<br>Knoxville, TN 37901-0228 | Martha Gail Taylor<br>1336 Oak Hill Drive<br>Seymour, TN 37865-4256 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Student Loan Finance C
Attn: Bankruptcy
105 1st Ave Sw
Aberdeen, SD 57401

U.S. Dept. of Education
50 Beale St., #8629
San Francisco, CA 94105

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)U.S. Dept. of Education
P.O. Box 5609
Greenville, TX 75403-5609

End of Label Matrix
Mailable recipients    28
Bypassed recipients     1
Total                  29